UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jan Creech, ) | |
| ) | C/A No. 6:08-0989-GRA |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(a), D.S.C. filed April 21, 2009. Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) to obtain judicial review of a final decision of the Commissioner of Social Security denying her claims for disability insurance benefits (DIB) and supplemental security income (SSI). The magistrate recommends reversing the Commissioner's decision under sentence four of 42 U.S.C. §405(g) and remanding the case to the Commissioner for further proceedings. For the reasons stated herein, the Court adopts the Report and Recommendation in its entirety.

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is also charged with making a *de novo* determination of those

portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The defendant filed objections on May 8, 2009.

The defendant argues that the errors in the Commissioner's decision do not warrant reversal for further proceedings. The defendant states that the lack of findings as to how long she may sit or stand is immaterial because the ALJ found that the plaintiff was limited to light work. They also argue that the revision of the RFC would have no effect on the vocational expert's testimony. The defendant also believes that the analysis of the mental health records stated in the ALJ's opinion is consistent with the moderate difficulties that Dr. Price stated the plaintiff had. This Court disagrees.

First, the RFC assessment should be based on all the relevant evidence. 20 C.F.R. § 404.1545(a). Social Security Ruling 96-8p requires that the RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g.,

daily activities, observations)."[1]  The RFC must identify "the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis."  SSR 96-8.  The ALJ must discuss the plaintiff's ability to work in an ordinary work setting on a regular work schedule.  *Id.*  In this case, the assessment must include a finding as to how long the plaintiff may sit or stand as it is relevant to her ability to work as the ALJ failed to make this finding.  Without this finding, the RFC is incomplete. The ALJ cannot make a proper RFC assessment until all limitations are examined.  This failure does not constitute "harmless error."  This objection is overruled.

Second, the ALJ failed to properly review the mental health records.  This error is not harmless.  The ALJ made his own findings in regard to the mental RFC which were inconsistent with the state agency psychologist, Dr. Price.   The only physician that offered any opinion was Dr. Price.  By regulation, State agency physicians are expert opinions which the ALJ must consider.  *See* 20 C.F.R. § 404.1527(f)(2).  The ALJ must discuss Dr. Price's opinion and why the ALJ's opinion differed from Dr. Price.  Given the opinion, the ALJ should obtain more evidence regarding her capacity for work-related functions.  This objection is also overruled.

After a review of the defendant's motion and the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law, and

---

[1] The Social Security Rulings are binding on all components of the Social Security Administration.  *See* 20 C.F.R. § 402.35(b).

substantial evidence supports the magistrate's findings and conclusions. Accordingly, this Court accepts and adopts the Report and Recommendation in its entirety.

IT IS THEREFORE ORDERED that the Commissioner's decision is REVERSED, and this case is REMANDED to the Commissioner for proceedings consistent with the magistrate's Report and Recommendation.

IT IS SO ORDERED.

                                                     G. Ross Anderson, Jr.
                                                     Senior United States District Judge

May 26, 2009
Anderson, South Carolina